BEFORE THE FIRST DIVISION, JUNE 10, 1943

No. 48385.—Petitions 6247–R, etc., of Wah Shang Co. et al. (San Francisco).

Opinion by WALKER, J. In the case of certain of the tea the broker assumed from his experience in such matters that it had a paper wrapping and entered the same at the standing figure therefor which had previously been supplied by the acting appraiser. It was later discovered that instead of a mere paper wrapping the tea was contained in cartons which were of a higher value than the paper packing. As to other tea it developed it was packed in tin containers instead of paper wrappings and that there was no way in which the broker could determine from the invoice that the usual practice had been departed from. The testimony also showed that the wine was always purchased at unit prices for the wine and the containers and it was therefore difficult to determine what proportion of the total cost should be assigned to the containers other than as stated on the invoices. The total values for the merchandise and containers were not increased, however, but the proportion of the values assigned to the containers in each case was made greater. The examiner testified that the advances were occasioned by the fact that other importers produced invoices showing separate values for the containers, which did not appear on the invoices in the cases at bar, and that his office adopted the values as shown by the other importers. The court was satisfied from examination of the entire record that the entry at less value than that shown on final appraisement was without any intention to defraud the revenue or to conceal or misrepresent the facts. The petitions were therefore granted.

No. 48386.—Petition 6318–R of R. L. Swearer Co. (Pittsburgh).

Opinion by WALKER, J. From the testimony it appeared that a difference of opinion arose between the appraiser and the importer as to whether the proper basis of value was the foreign value or the United States value, as defined in section 402, Tariff Act of 1930. It was therefore decided to select one importation and make a test case. Upon appeal the position of the importer was affirmed by the single judge (Reap. Dec. 5598) with the exception of one item. The additional duties here sought to be remitted were imposed with reference to that item only. On the record it was found that there was no intention to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.